Philip J. Giles, State Bar #30340
David B. Nelson, State Bar #34100
**ALLEN BARNES & JONES, PLC**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ofc: (602) 256-6000
Fax: (602) 252-4712
Email: pgiles@allenbarneslaw.com
       dnelson@allenbarneslaw.com

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| ADVANCED REIMBURSEMENT SOLUTIONS, LLC, et. al., | Case No. 2:22-bk-06372-BKM |
| Debtors. | (Jointly Administered) |
| This filing applies to: | Case No. 2:22-bk-06372-BKM<br>Case No. 2:22-bk-06373-BKM |
| ☒ ALL DEBTORS<br>☐ ADVANCED REIMBURSEMENT SOLUTIONS, LLC;<br>☐ AMERICAN SURGICAL DEVELOPMENT, LLC | **MOTION FOR ORDER:**<br>**(1) CONDITIONALLY APPROVING DEBTORS' DISCLOSURE STATEMENT DATED OCTOBER 25, 2022;**<br>**(2) SETTING HEARING TO CONSIDER FINAL APPROVAL OF DEBTORS' DISCLOSURE STATEMENT DATED OCTOBER 25, 2022;**<br>**(3) FIXING TIME FOR FILING ACCEPTANCE OR REJECTION OF DEBTORS' PLAN OF REORGANIZATION DATED OCTOBER 25, 2022; and**<br>**(4) SETTING HEARING ON CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION DATED OCTOBER 25, 2022**_____ |

{00375170 3}

Advanced Reimbursement Solutions, LLC and American Surgical Development, LLC ("Debtors"), hereby move this Court pursuant to 11 U.S.C. §§ 105(a) and 105(d)(2)(B)(vi)[1] to enter an Order ("Combined Hearing Order") (1) conditionally approving the *Debtors' Disclosure Statement Dated October 25, 2022* [ECF No. 73] ("Disclosure Statement"); (2) setting a hearing to consider final approval of the Disclosure Statement; (3) fixing a time for filing an acceptance or rejection of the *Debtors' Plan of Reorganization Dated October 25, 2022* [ECF No. 72] ("Plan"); and (4) setting a hearing on confirmation of the Plan.

The Debtors filed their respective Chapter 11 bankruptcy cases for the primary purpose of shutting down operations and liquidating the entirety of their remaining assets to satisfy the claims of their creditors. Before filing their petitions, the Debtors and their two largest creditors, Aetna and United, and the Maldonado Parties (collectively the "Parties") executed a *Plan of Liquidation Support Agreement* (the "PSA").[2, 3] The PSA provides Aetna and United will support a liquidating plan proposed by the Debtors, provided it reflects certain terms as outlined more fully in the PSA. The Debtors have now filed the Plan and supporting Disclosure Statement in accordance with the PSA.

Hosting a separate Disclosure Statement hearing would be economically inefficient and further drain the estate of its valuable remaining assets. As a liquidating Chapter 11, the Debtors will no longer be operating as a going concern after Plan confirmation. Unlike in a traditional Chapter 11 bankruptcy, a disclosure statement in a liquidating Chapter 11 is not as salient to creditors because there are zero long-term

---

[1] Unless indicated otherwise, (*i*) statutory citations refer to the U.S. Bankruptcy Code ("Code"), 11 U.S.C. §§ 101-1532; (*ii*) rule citations shall refer to the Federal Rules of Bankruptcy Procedure ("Rule"), 1001-9037, and (*iii*) local rule citations shall refer to the Local Rules for the U.S. Bankruptcy Court for the District of Arizona ("LBR").
[2] Aetna, United, and the Maldonado Parties shall have the same meanings as in the PSA.
[3] Certain of the Maldonado Parties are the Debtors' equity holders.

{00375170 3}   -2-

business implications to evaluate before outright voting on the Plan. Nonetheless, the Debtors' Disclosure Statement meets the requirements of Code § 1125(a) and provides creditors with an ample amount of the essential information necessary to make an informed decision regarding how to vote. And it is noteworthy that the Debtors' two largest creditors support of the Debtors' proposed Plan. Consequently, a sole and separate hearing on the Disclosure Statement would cause an unnecessary and substantial expense to the estate without adding any meaningful value. For the reasons discussed herein, the Debtor respectfully requests the Court conditionally approve the Disclosure Statement and combine the hearing on final approval of the Disclosure Statement with the hearing on confirmation of the Plan to allow the Debtor to expeditiously move towards confirmation of the Plan. This following memorandum of points and authorities support this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. RELEVANT FACTUAL BACKGROUND

1. On September 23, 2022 ("Petition Date"), the Debtors filed voluntary petitions for bankruptcy relief under Chapter 11 of the Code.

2. Prior to filing their bankruptcy petitions, the Debtors executed their pre-petition PSA with Aetna, United, and the Maldonado Parties.

3. The Debtors filed their Motion to Assume the PSA on September 26, 2022. ECF No. 19.

4. The Court approved the Motion to Assume the PSA on October 21, 2022 at ECF No. 69. The terms of the PSA are incorporated herein by reference.

5. On October 25, 2022, the Debtors filed the Disclosure Statement and Plan.

### B. LEGAL ARGUMENT

Pursuant to Code § 105(a), the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." At the request of

a party in interest, the Court can issue orders to ensure a case is handled expeditiously and economically, unless inconsistent with another provision in Title 11 of the United States Code or with applicable Federal Rules of Bankruptcy Procedure. Code § 105(d)(2)(B)(iv). This includes orders in a Chapter 11 case to combine the hearing on approval of disclosure statement with the hearing on confirmation of the plan. Code § 105(d)(2)(B)(iv).

Combining a disclosure statement and plan confirmation hearing is permitted in prepackaged Chapter 11 bankruptcy cases. *See In re Amster Yard Assocs.*, 214 B.R. 122, 124 (Bankr. S.D.N.Y. 1997) ("An order combing the disclosures statement and confirmation hearing is inconsistent with Section 1125 of the Bankruptcy Code *except* in prepackaged cases or 'small business' cases.") (emphasis added). And in *In re Van Tassel*, LEXIS 5641, at *3-4 (Bankr. E.D. Cal. June 7, 2011), the court took up the question of whether a court "[i]n a case that is not a small business case, as that phrase is defined in the Bankruptcy Code, may approve a disclosure statement conditionally." The *Van Tassel* court answered in the affirmative by reasoning that "[t]here is enough latitude in § 105 to allow the court to approve a disclosure statement conditionally on a case by case basis where such approval does not prejudice the rights of any party in interest and provides for an economical and expeditious administration of the case in question." *Id.* Thus, because it would be economically inefficient to have two hearings, the *Van Tassel* court explicitly stated that having "[a] separate disclosure statement and disclosure statement hearing [is] unnecessary." *Id.* at *1.

Furthermore, other courts routinely hold combined disclosure statement and plan confirmation hearings in other Chapter 11 cases. *See In re Kaumana Drive Partners, LLC*, LEXIS 2525, at *7-8 (Bankr. D. Haw. Sep. 15, 2021) ("[t]he Court entered [an] order Scheduling a Combined Disclosure Statement and Confirmation Hearing. . ."); *In re Asyst Techs.*, LEXIS 5253, at *1-2 (Bankr. N.D. Cal. Feb. 18, 2010) ("The Plan

Process Order. . . set a combined hearing to approve the Disclosure Statement and confirm the Plan. . ."); *In re Cypresswood Land Partners, I*, 409 B.R. 396, 425 (Bankr. S.D. Tex. 2009) (Combining the disclosure statement and plan confirmation hearing Pursuant to 11 U.S.C. § 105(d)(2)(B)(vi) for reasons of judicial efficiency and economy."). This Court has previously combined the hearings on a disclosure statement and plan. *See In re Park Seven Holdings, LLC,* Case No. 2:20-bk-13014-BKM, ECF No. 52. The Court should exercise its discretion to conditionally approve the Disclosure Statement and combine a hearing on the Disclosure Statement with a hearing on confirmation of the Plan. Consistent with the above-mentioned case law, setting a combined hearing would be economic and expeditious and makes sense here for a few reasons. *First*, the Debtors, pre-petition, successfully negotiated a consensual liquidating chapter 11 with their largest creditors, Aetna and United. These efforts and the PSA render these cases nearly equivalent to a pre-packaged chapter 11. *Second*, because of the fair and equitable claim treatment for unsecured creditors proposed in Debtors' Plan, the Debtors expect little opposition to confirmation of the Plan and, in the event there is an objection, the Debtors anticipate being able to resolve any objection through stipulation or stipulated order. *Third*, conditionally approving the Disclosure Statement and combining the hearing on it and Plan confirmation further preserves the estates' resources for the benefit of its creditors. And *Fourth,* because the Debtors are no longer operating as a going concern and are liquidating, creditors do not need as much time with the Disclosure Statement compared to a traditional Chapter 11 bankruptcy. Indeed, if the Case were in Chapter 7, creditors would receive no such disclosures. Nevertheless, the Disclosure Statement contains adequate information as required under Code § 1125(a) so that creditors can make an informed vote on the Plan.

Importantly, Courts have broad discretion to determine what constitutes adequate information necessary to satisfy the requirements of Bankruptcy Code § 1125(a). *See In*

*re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) ("The general language of the statute and its surrounding legislative history make clear that the determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court") (internal quotations omitted).[4]

Here, the Disclosure Statement contains comprehensive discussions of: (a) the features and terms of the Plan; (b) significant events preceding and during the Debtors' chapter 11 cases; (c) the Debtors' prepetition operation and ownership structure; (d) a detailed description of the means for implementation of the Plan, including the Liquidating Trust Agreement, and estimated funds available to make distributions to creditors; (e) a description of the nature and extent of claims against the Debtors' estates, their priority and proposed treatment; (f) a description of the potential causes of action the estate holds against third parties; (g) the benefit of proceeding with a Chapter 11 liquidation compared to Chapter 7; and (h) a brief discussion on the federal tax consequences of the Plan. Accordingly, the Debtors respectfully submit that the Disclosure Statement contains adequate information within the meaning of Code § 1125

---

[4] Courts typically look to the following factors, where applicable: (a) The events leading to the filing of a bankruptcy petition; (b) a description of the available assets and their value; (c) the anticipated future of the company; (d) the source of information stated in the disclosure statement; (e) a disclaimer; (f) the present condition of the debtor while in chapter 11; (g) the scheduled claims; (h) the estimated return to creditors under a chapter 7 liquidation; (i) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (j) the future management of the debtor; (k) the chapter 11 plan or a summary of it; (l) the estimated administrative expenses, including attorneys' and accountants' fees; (m) the collectability of accounts receivable; (n) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the plan; (o) information relevant to the risks posed to creditors under the plan; (p) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (q) litigation likely to arise in a nonbankruptcy context; (r) tax attributes of the debtor; and (s) the relationship of the debtor with affiliates. *See Phoenix Petroleum*, 278 B.R. at 393, n.6.

and should be conditionally approved.

C. **CONCLUSION**

Conditional approval of the Disclosure Statement subject to final approval at the hearing set for confirmation of the Plan is specifically contemplated in the Code and should be utilized for situations such as this. Conditionally approving the Disclosure Statement will help reduce administrative costs and not prejudice any creditors of the estate. Even with the Disclosure Statement conditionally approved, all of the creditors retain the right to object to final approval of the Disclosure Statement. Thus, for the aforementioned reasons, and because the Disclosure Statement contains adequate information pursuant to Code § 1125(a), the Court should conditionally approve the Disclosure Statement, and set a combined hearing on final approval of the Disclosure Statement with confirmation of the Plan. Such procedure is in the best interests of the Debtors and the estate.

**WHEREFORE**, the Debtors respectfully request the Court enter the Combined Hearing Order, a proposed form of which is attached hereto as **Exhibit A**, and provides:

1. Immediately and conditionally approving the Debtors' Disclosure Statement;
2. Scheduling a combined hearing on the Disclosure Statement and Plan, during the second or third week of December, 2022, subject to the Court's availability; and
3. Granting such other relief as the Court deems just under the circumstances.

/ / /

/ / /

/ / /

/ / /

/ / /

DATED: October 28, 2022.

**ALLEN BARNES & JONES, PLC**

*/s/ PJG #30340*
Philip J. Giles
David B. Nelson
Attorneys for Debtors

**E-FILED** on October 28, 2022 with the U.S. Bankruptcy Court and copies served via ECF notice on all parties that have appeared in the case.

**COPY** mailed the same date via U.S. Mail to:

Office of the U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003-1706

**COPY** e-mailed the same date to:

| | |
|---|---|
| Edward K. Bernatavicius<br>18 Office of the United States Trustee<br>230 N. First Avenue, Suite 204<br>19 Phoenix, AZ 85003-1706<br>Edward.K.Bernatavicius@usdoj.gov<br>*Trial Attorney* | Bryan Perkinson<br>Chief Restructuring Officer<br>c/o Sonoran Capital Advisors<br>1733 N. Greenfield Rd., Ste 104<br>Mesa, AZ 85205<br>bperkinson@sonorancap.com |
| Geoffrey Goodman<br>Foley & Lardner LLP<br>321 N. Clark St., Suite 3000<br>Chicago, Illinois 60654<br>ggoodman@foley.com | Eric S. Goldstein<br>Shipman & Goodwin LLP<br>One Constitution Plaza<br>Hartford, CT 0 6103-1919<br>egoldstein@goodwin.com<br>*Attorneys for United Healthcare Insurance Company and United HealthCare Services, Inc.* |
| Alan A. Meda<br>Burch & Cracchiolo, P.A.<br>1850 N. Central Ave., Suite 1700<br>Phoenix, AZ 85004<br>ameda@bcattorneys.com<br>*Attorney for Pantheon Global Holdings, LLC* | Jason D. Curry<br>Amelia B. Valenzuela<br>QUARLES & BRADY LLP<br>Renaissance One<br>Two N. Central Avenue<br>Phoenix, AZ 85004<br>jason.curry@quarles.com<br>amelia.valenzuela@quarles.com<br>Sybil.Aytch@quarles.com<br>*Attorneys for United Healthcare Insurance Company and United HealthCare Services, Inc.* |

{00375170 3}  -8-

| | | |
|---|---|---|
| 1 | Janel M. Glynn | Michael W. Carmel, Esq. |
| | Lindsi M. Weber | MICHAEL W. CARMEL, LTD. |
| 2 | THE BURGESS LAW GROUP | 80 East Columbus Avenue |
| | 3131 E. Camelback Road, Ste. 224 | Phoenix, AZ 85012-2334 |
| 3 | Phoenix, AZ 85016 | Michael@mcarmellaw.com |
| | janel@theburgesslawgroup.com | *Attorney for Troon Pain Management LLC;* |
| 4 | lindsi@theburgesslawgroup.com | *Robotic Surgery Center, LLC; Physicians* |
| | *Counsel for The Aetna Life Insurance* | *Billing Associates, LLC; Facilities Billing* |
| 5 | *Company, Aetna, Inc., and Aetna Health,* | *Associates, LLC; and Arizona Pain* |
| | *Inc.* | *Doctors, LLC* |

Katherine E. Anderson, Esq.
BALLARD SPAHR LLP
1 East Washington St., Suite 2300
Phoenix, Arizona 85004-2555
andersonke@ballardspahr.com
*Counsel for United Healthcare Insurance Co and United HealthCare Services, Inc*

/s/ Melissa Morgan

{00375170 3}                -9-

# Exhibit A

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| ADVANCED REIMBURSEMENT SOLUTIONS, LLC, et. al., | Case No. 2:22-bk-06372-BKM |
| Debtors. | (Jointly Administered) |
| This filing applies to:<br>☒ ALL DEBTORS<br>☐ ADVANCED REIMBURSEMENT SOLUTIONS, LLC;<br>☐ AMERICAN SURGICAL DEVELOPMENT, LLC | Case No. 2:22-bk-06372-BKM<br>Case No. 2:22-bk-06373-BKM<br>**ORDER COMBINED WITH NOTICE OF HEARING:**<br>**(1) CONDITIONALLY APPROVING DEBTORS' DISCLOSURE STATEMENT DATED OCTOBER 25, 2022;**<br>**(2) SETTING HEARING TO CONSIDER FINAL APPROVAL OF DEBTORS' DISCLOSURE STATEMENT DATED OCTOBER 25, 2022;**<br>**(3) FIXING TIME FOR FILING ACCEPTANCE OR REJECTION OF DEBTORS' PLAN OF REORGANIZATION DATED OCTOBER 25, 2022 and**<br>**(4) SETTING HEARING ON CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION DATED _____** |

{00375171}

**TO: ALL CREDITORS AND OTHER PARTIES IN INTEREST:**

The Court has considered the *Debtors' Disclosure Statement Dated October 25, 2022* ("Disclosure Statement") [ECF No. 73] filed by Advanced Reimbursement Solutions, LLC and American Surgical Development, LLC (collectively, the "Proponent" or "Debtors") and has determined that the Disclosure Statement contains adequate information to allow creditors to make informed decisions regarding the *Debtor's Plan of Reorganization Dated October 25, 2022* ("Plan") [ECF No. 72], and good cause appearing;

**IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:**

1. **CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT**: The Disclosure Statement is conditionally approved, and the Debtor is authorized to solicit acceptances of the Plan.

2. **HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN**: The Court will consider final approval of the Disclosure Statement and confirmation of the Plan at a hearing on _____, \_\_\_ 2022 at \_\_:\_\_ AM/PM ("Combined Hearing"). The Combined Hearing will be held in Courtroom 701, at the 230 North 1st Avenue, Suite 101, Phoenix, AZ 85003. Parties may also appear by video from _____.[1] For questions or concerns, please contact Jennifer Lowry at Jennifer_Lowry@azb.uscourts.gov.

3. **PROOF OF CLAIM BAR DATE**: The Court set December 7, 2022**, as the deadline for non-governmental creditors to file proof of claims**. The deadline for governmental units to file proof of claims, other than for claims resulting from a tax return filed under 11 U.S.C. § 1308, is the later of the above noted bar date or 180 days

---

[1] If video appearances/locations are not set by the Court, please delete from "Parties may also appear by video from" and "Click or tap here to choose Video location(s)" and footnote "1."

{00375171} -2-

after the order for relief. The deadline for governmental units to file proof of claims resulting from a tax return filed under 11 U.S.C. § 1308, is the later of the above noted bar date, 180 days after the order for relief or 60 days after the filing of the tax return. To be timely, a completed proof of claim must be received by the Court at the address listed in paragraph 2 (See Footnote 1).

    a. **HOW TO PREPARE AND FILE A PROOF OF CLAIM**: Information regarding how to file a proof of claim, and a proof of claim form (Bankruptcy Form B 410), can be found on the Court's website at http://www.azb.uscourts.gov/proof-claim-form-and-instructions.

    b. **CREDITORS NEEDING TO FILE CLAIMS**: The Debtors have filed with the Court its schedules of assets and liabilities ("Schedules"). The Schedules contain lists of creditors, the Debtors' statement as to the type and amount of each their claims, and whether the Debtors believe each claim is disputed, contingent or unliquidated.

        i. **Unscheduled Creditors**: Any creditor whose claim is not listed in the Schedules **must file a proof of claim** to share in any distribution in this case.

        ii. **Scheduled Creditors listed as disputed, contingent or unliquidated**: Any creditor whose claim is listed in the Schedules as disputed, contingent or unliquidated, **must file a proof of claim** or its claim may be disallowed.

        iii. **Other Scheduled Creditors**: Any creditor holding a claim that is listed in the Schedules that is not listed as disputed, contingent or unliquidated, **may, but need not, file a proof of claim** to share in any distribution in this case. Failure to file a proof of claim will be deemed the creditor's consent to the Debtors' statement as to the

| | |
|---|---|
| 1 | type and amount of the claim. |
| 2 | **4.** **DEADLINE FOR BANKRUPTCY CODE § 1111(B) ELECTION:** |
| 3 | Unless otherwise ordered by the Court, the conclusion of the Combined |
| 4 | Hearing is the deadline for a secured creditor to make a written election to have its claim |
| 5 | treated pursuant to Bankruptcy 11 U.S.C. § 1111(b)(2). |
| 6 | **5.** **SERVICE OF THIS ORDER, DISCLOSURE STATEMENT, PLAN** |
| 7 | **AND BALLOT:** Pursuant to Bankruptcy Rule 3017(d), the Proponent shall serve a |
| 8 | copy of this Order, the Plan, the conditionally approved Disclosure Statement (or |
| 9 | approved summaries thereof), and a Ballot (collectively, the "Plan Documents") on: |
| 10 | a. All creditors; |
| 11 | b. The United States trustee; and |
| 12 | c. The Debtors, unless they are the Proponents. |
| 13 | **6.** **TIMING OF SERVICE**: Pursuant to Bankruptcy Rule 2002(b), the Plan |
| 14 | Documents shall be served so that creditors have not less than twenty-eight (28) days |
| 15 | after receipt (or, pursuant to Bankruptcy Rule 9006(f), thirty-one (31) days if the Plan |
| 16 | Documents are served by mail) to file objections to final approval of the Disclosure |
| 17 | Statement and confirmation and to vote on the Plan. |
| 18 | **7.** **CERTIFICATE OF SERVICE**: Promptly after serving the Plan |
| 19 | Documents, the Proponent shall file with the Court a certificate or affidavit evidencing |
| 20 | such service. |
| 21 | **8.** **DEADLINE TO OBJECT TO THE DISCLOSURE STATEMENT OR** |
| 22 | **PLAN**: Any party desiring to object to final approval of the Disclosure Statement or |
| 23 | confirmation of the Plan must file a written objection with the Court via the Electronic |
| 24 | Court Filing System or, if the objecting party is not an authorized user of the System, |
| 25 | |
| 26 | |

then by delivering the objection to the Court Clerk of the Court.[2] The objection must be filed by _____, ___ 2022 (which date is at least seven (7) calendar days prior to the Combined Hearing). Any party that files an objection to approval of the Disclosure Statement or confirmation of the Plan must serve a copy of the objection on the Proponent at the following address:

>  Philip J. Giles
>  David B. Nelson
>  ALLEN BARNES & JONES, PLC
>  1850 N. Central Ave., Suite 1150
>  Phoenix, AZ 85004
>  pgiles@allenbarneslaw.com
>  dnelson@allenbarneslaw.com

9. **DEADLINE TO VOTE**: The Proponent shall provide creditors with a copy of a ballot conforming to Official Form No. 14 ("Ballot"). Any creditor desiring to vote for or against confirmation of the Plan must complete and sign a Ballot. To be timely, a completed Ballot must be delivered to the Proponent at the address listed in paragraph 8 above by _____, ___ 2022 (which is at least five (5) business days prior to the Combined Hearing).

10. **BALLOT REPORT**: The Debtor shall file a report, consistent with Local Bankruptcy Rule 3018-1, no later than three (3) business days (_____, ___ 2022) prior to the Combined Hearing.

11. **PROCEDURE IF AN OBJECTION IS FILED**: If a party objects to final approval of the Disclosure Statement or confirmation of the Plan, the Combined Hearing will be a non-evidentiary hearing at which the Court will determine the appropriate manner to address and resolve any objection.

/ / /

---

[2] Clerk's office in Phoenix is located at the U.S. Bankruptcy Court, 230 N. First Ave, Suite 101, Phoenix, AZ 85003 and the Clerk's office in Tucson is located at the U.S. Bankruptcy Court, 38 S. Scott Ave, Suite 100, Tucson, AZ 85701.

12. **PROCEDURE IF NO OBJECTION IS FILED**: If no party objects to final approval of the Disclosure Statement or confirmation of the Plan, the Court may approve the Disclosure Statement and confirm the Plan at the Combined Hearing if the Debtor presents sufficient evidence (e.g., witness testimony, declaration, or documents) to allow the Court to make findings required by Bankruptcy Code § 1129.

**DATED AND SIGNED ABOVE**